William Joseph BOARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 39684.

Court of Criminal Appeals of Texas.

June 8, 1966.

Rehearing Denied Oct. 12, 1966.

---

Irwin & Scales, by George W. Irwin (On Appeal Only), Dallas, for appellant.

Henry Wade, Dist. Atty., David Johnson, Michael N. Buckley and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Judge.

The offense is aggravated assault upon a peace officer (Art. 1147(1) Vernon's Ann.P.C.); the punishment, 2 years in jail and a fine of $1,000.

Appellant's amended motion for new trial was overruled and notice of appeal was given on December 17, 1965.

Reversal is sought upon the ground that the evidence is insufficient as a matter of law to sustain the conviction and the ground that appellant was denied a fair and impartial trial "by a highly prejudicial and inflammatory argument of the district attorney which necessarily caused prejudice and prevented justice under the record in this cause."

The complaint and information alleged that the assault was committed upon I. E. Shelton, a police officer of the city of Dallas, then and there being in the lawful discharge of said office and the defendant then and there being informed and knowing that I. E. Shelton was then and there an officer discharging an official duty.

Ivan E. Shelton, the injured party, had been a police officer of the City of Dallas for nine years. On the date alleged in the indictment he was attached to the Special Service Bureau and was on duty in the Glendale Park Area in plain clothes and under written orders from the Chief of Police to investigate and check on homosexual activities in said park.

About 11:55 A.M. Officer Shelton and his partner, Samuel E. Ozment, who was also in plain clothes, were at a table in the southwest corner of the parking area when appellant drove up in a 1965 Sports Special white Chevrolet and parked.

The officers did not know appellant, or know who the driver of the car was, and appellant had no idea that the two men that were at the table were officers.

Officer Shelton testified that appellant nodded at him a couple of times and smiled.

Both Shelton and appellant testified that, after appellant parked his car and Shelton left his partner at the bench and was walking toward the car, appellant motioned for Shelton to get in the car, and he did so.

Shelton's testimony was that after he got in the car he asked: "What are we going to do?" Appellant replied: "Let's go to my house" (or "my home"). Shelton said: "What are we going to do whenever we get there?" At that time appellant placed his hand on Shelton's privates and Shelton knocked his hand away, took his badge out of his back pocket, told appellant that he was a police officer and said: "You are under arrest"; took the car keys; stepped out of the car and motioned for his partner to come.

Officer Shelton demonstrated before the jury how he had exhibited his badge and identification card at the time he told appellant he was under arrest.

Appellant attempted to get out of the car on the passenger side and Officer Shelton told him to keep his seat.

Officer Shelton got back in the car and appellant knocked or kicked him out and he fell to the ground.

Appellant got out of the car, grabbed the car keys and kicked Officer Shelton "on the right shin and the left thigh, and the groin" and he went down again.

Appellant got back in the car and was trying to start it when Officer Ozment came to the driver's side of the car, reached in and grabbed appellant who, in turn, grabbed Officer Ozment by the throat. In the struggle Officer Ozment's pistol was discharged.

The two plain clothes officers did not succeed in subduing appellant until a uniformed officer arrived and assisted them. He also was assaulted by appellant.

The record reveals that appellant is deaf, a fact which the officers did not know at the time he was arrested. He had lost his hearing at the age of two, and was in the State School for the Deaf in Austin from 1938 until 1952. He used both speech, pad and pencil and lip reading as a means of communication. Officer Shelton testified that he noticed an impediment or defect in his speech and did not learn he was deaf until they got to the police station. On the day in question appellant was employed at a Dallas bank.

Appellant's testimony was that Shelton asked him "What did he want" and how far his home was, and he told him "two miles" and asked Shelton "Do you want to see my forks and spoons in the trunk?"

He testified that he felt maybe the man did not understand what he was saying and he pushed him back, reaching to get a notebook which was in the glove compartment on which to write and explain about the forks and spoons he was selling, but the man got mad at that time and pushed his hand away and reached for the keys. He (appellant) grabbed the keys and while both were holding them Shelton pulled him out of the car.

Appellant denied that Shelton exhibited a badge and identification before he took the keys, and testified that he fought over the keys because he thought the man "was a gangster of some sort," and that when the second man came to the car and had a pistol and brass knuckles he thought he was "a gangster of some sort" and he was "very scared" and tried to turn on the engine switch. He further testified that Ozment "had the gun down in the steering wheel and shot," and after that he (appellant) "lost his memory and was fighting with them and doesn't know what happened after that."

Appellant's testimony was that he pushed Shelton "on the chest" and he did not remember placing his hand on the man's privates; that his only purpose was to move him back to reach for a notebook that was in the glove compartment.

On cross-examination he further testified that he did not want to go near the man when he was sitting at a table because there were two men waiting at the rest room when he came up and he felt afraid. He did not want to get near the rest room, he wanted to get farther away.

Appellant also testified that he was charged with, tried and convicted and received a 5 year suspended sentence for sodomy on September 15, 1961.

The assault relied upon by the state was that which was committed upon Officer Shelton after appellant was told that he was under arrest.

The acts of the appellant which led to and were the cause of his arrest were those which culminated in the placing of his hand on the privates of Officer Shelton, which constituted an assault, Art. 1138 P.C., and a breach of the peace.

Viewed in the light most favorable to the jury's verdict, the evidence is sufficient to sustain the allegations of the information and the jury's findings and to show that Shelton was a police officer in the discharge of his duties as such; that the assault was made upon him after he informed appellant that he was such an officer and was made as an interruption of the officer's official duties in lawfully arresting appellant.

The evidence is sufficient to support a finding by the jury that appellant was informed and knew Shelton was an officer discharging an official duty when he assaulted him, kicked or knocked him out of the car and fought him for the car keys.

Appellant's contention that the evidence does not show interference with a lawful act of the officer is overruled.

■ Appellant complains of certain remarks of counsel for the state in his opening argument to the jury. To some of such remarks no objection was made.

Counsel argued: "On June 2nd, 1962 it was a Dallas City Vice Officer; what if it had been your children or mine or your neighbor's children?" To which appellant made the objection:

"Your Honor, I'm going to object to the reference to perversion and I feel that this is an improper drawing of conclusions from the evidence presented, and also, it's immaterial, because he is not charged with any other activity other than assault in this case on a police officer."

The court's ruling, to which appellant excepted, was:

"Well, as long as the District Attorney limits *its* to his deduction from the evidence, I'll overrule you. But if he makes it as a positive statement, well, make your objection and I'll sustain it."

Complaint is also made to the closing argument of the state wherein the assistant district attorney argued:

"I'd like to talk just a few moments about what type of defenses were offered by the defense attorney. You first found that the defendant drove into the park and saw two men over by the portable bathroom, and one man sitting on a park bench. Why didn't he stop then, or why didn't he stop after he first waved at the police officer? He said he was scared. Well, I submit to you, ladies and gentle-men, that he was scared. He had been arrested before, and he knew that this might possibly be some police officers because he went into that park for only one purpose."

Appellant's trial counsel objected without stating any grounds and the court sustained the objection.

The informal bill of exception is insufficient to show that appellant was denied a fair and impartial trial by reason of the argument of counsel for the state and is overruled.

The judgment is affirmed.